IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| NICOLE L. HUTT, individually,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 4:22-CV-00059-JEG-HCA<br><br>REPORT AND RECOMMENDATION CONCERNING DISMISSAL OF PLAINTIFF'S CLAIMS |

Plaintiff Nicole Hutt filed an Amended Complaint on May 3, 2022, against the United States Postal Service and the United States of America under the Federal Tort Claims Act.[1] Pl.'s Am. Compl., ECF No. 7. Two weeks later, Ms. Hutt moved to dismiss the United States Postal Service. Pl.'s Mot. Dismiss, ECF No. 10. Subsequently, the Court dismissed Ms. Hutt's claims against the United States Postal Service without prejudice. Order Granting Pl.'s Mot. Dismiss, ECF No. 11. At that time, Ms. Hutt was represented by counsel, Jenna Green. The Court allowed Attorney Green to withdraw on September 8, 2022.[2] Order Granting Mot. Withdraw Attorney, ECF No. 21; Text Order ECF No. 26. In the conditional Order granting Attorney Green's Motion to Withdraw, the Court provided Ms. Hutt until August 31, 2022, to "retain new counsel, continue *pro se*, or dismiss the case." Order Granting Mot. Withdraw Attorney 2. By that same date, the Court ordered: "new counsel representing Ms. Hutt must file an appearance, or Ms. Hutt must notify the Court whether she will be representing herself ("*pro se*"), or Ms. Hutt must

---

[1] Ms. Hutt filed the initial Complaint on February 23, 2022. ECF No. 1.
[2] On August 1, 2022, the Court allowed Attorney Green to withdraw on the condition that Attorney Green serve a copy of the Order Granting Motion to Withdraw as Attorney, ECF No. 21, on Ms. Hutt, and file a status update with the Court certifying that she had done so. Order Granting Mot. Withdraw Attorney 2, ECF No. 21.

notify the Court that she intends to dismiss the case." *Id.* Furthermore, the Court ordered Ms. Hutt to "provide the Court with current contact information as to where she can be reached." *Id.* The Court advised Ms. Hutt that a failure to comply with the Order "could result in sanctions, including possible dismissal of [her] claims." *Id.*

The Court mailed Ms. Hutt copies of that Order by certified and regular mail to the addresses provided to the Court by Attorney Green, and to Ms. Hutt's email on file. Attorney Green filed a status update on September 7, 2022, certifying that she had done the same. Status Update, ECF No. 25. The Court and Attorney Green received certified mail receipts indicating the mail could not be delivered. *Id.*; ECF Nos. 23, 24.

On September 8, 2022, the Court provided Ms. Hutt until September 30, 2022, to "retain new counsel, continue *pro se*, or dismiss the case." Text Order, ECF No. 26. That same day, the Court set a status conference with the Parties for October 3, 2022. Text Order, ECF No. 27. The Court mailed copies of these Text Orders to Ms. Hutt at the addresses Ms. Hutt's former attorney provided to the Court, and to Ms. Hutt's email on file.[3] Ms. Hutt did not appear at the October 3, 2022, status conference. Text Minute Entry, ECF No. 31.

Following the status conference, the Court provided Ms. Hutt until November 2, 2022, to "retain new counsel, continue pro se, or dismiss the case." Text Order, ECF No. 32. The Court mailed this Text Order to Ms. Hutt in the same manner as before. On November 2, 2022, after no response, the Court provided Ms. Hutt until November 30, 2022. Text Order, ECF No. 36. This time, the Court sent the Text Order by regular and certified mail to a new address for Ms. Hutt that the Court found after conducting a public records search.[4]

---

[3] The Court received certified mail receipts indicating the mail could not be delivered. ECF Nos. 34, 35.
[4] The Court received certified mail receipts indicating the mail could not be delivered. ECF Nos. 37.

Local Rule 41(a)(4) permits the Clerk of Court to enter an order dismissing a case where a deadline set by the Court has been exceeded by more than 30 days. L.R. 41(a)(4). Federal Rule of Civil Procedure 41 also provides for dismissal for failure to comply with Court orders. Fed. R. Civ. P. 41(b); *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). Ms. Hutt has failed to comply with the Court's Orders of August 1, 2022, September 8, 2022, October 3, 2022, and November 7, 2022. ECF Nos. 21, 26, 32, 36.

Ms. Hutt has made no attempts to contact the Court since at least August 1, 2022. Despite multiple attempts and contact methods, neither the Court nor Ms. Hutt's former attorney has been able to contact Ms. Hutt.

**IT IS RESPECTFULLY RECOMMENDED** that Judge Gritzner dismiss Plaintiff Hutt's claims for failure to prosecute and failure to comply with Court orders. Fed. R. Civ. P. 41(b); *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

**IT IS ORDERED** that Ms. Hutt has until **December 15, 2022,** to file a written objection to this Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objection filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72. Failure to timely file objections may constitute a waiver

of Plaintiff's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 n.1, 345–346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

**IT IS SO ORDERED.**

Dated December 1, 2022.

Helen C. Adams
Chief U.S. Magistrate Judge